1 | Mark E. Merin (State Bar No. 043849)
2 | Paul H. Masuhara (State Bar No. 289805)
  | LAW OFFICE OF MARK E. MERIN
3 | 1010 F Street, Suite 300
  | Sacramento, California 95814
4 | Telephone:   (916) 443-6911
  | Facsimile:   (916) 447-8336
5 | E-Mail:      mark@markmerin.com
  |              paul@markmerin.com
6 |
  | Attorneys for Plaintiff
7 | MICHAEL ALVERAZ

8 | UNITED STATES DISTRICT COURT

9 | EASTERN DISTRICT OF CALIFORNIA

10 | SACRAMENTO DIVISION

| | |
|---|---|
| 11 MICHAEL ALVERAZ, | Case No. |
| 12                    Plaintiff, | **COMPLAINT FOR VIOLATION OF** |
| 13 vs. | **CIVIL AND CONSTITUTIONAL RIGHTS** |
| 14 CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10, | **DEMAND FOR JURY TRIAL** |
| 15                    Defendants. | |
| 16 | |

17 | **INTRODUCTION**

18 | This action arises from the false arrest and use of excessive force against MICHAEL ALVERAZ,

19 | a hearing-impaired man, by police officers employed by the CITY OF ROSEVILLE and ROSEVILLE

20 | POLICE DEPARTMENT.

21 | **JURISDICTION & VENUE**

22 | 1.   This Court has jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise

23 | under the United States Constitution) and 28 U.S.C. § 1343(a)(3) (in that the action is brought to address

24 | deprivations, under color of state authority, of rights, privileges, and immunities protected by the U.S.

25 | Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

26 | 2.   Venue is proper in the United State District Court for the Eastern District of California

27 | pursuant to 28 U.S.C. § 1391(b) because Defendants are located in the Eastern District of California and

28 | because many of the acts and/or omissions described herein occurred in the Eastern District of California.

1

3.     Intra-district venue is proper in the Sacramento Division of the Eastern District of California pursuant to E.D. Cal. L.R. 120(d) because the claims asserted herein arise from acts and/or omissions which occurred in the County of Placer, California.

## EXHAUSTION

4.     On July 7, 2022, MICHAEL ALVERAZ submitted a government claim to the CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT relating to the claims asserted in this action.

5.     On August 3, 2022, the CITY OF ROSEVILLE issued a notice of rejection of the claim which was not given in accordance with Cal. Gov. Code § 913. *See* Cal. Gov. Code § 945.6(a)(2).

6.     Within 45 days after the claim was presented, the ROSEVILLE POLICE DEPARTMENT failed or refused to act on the claim. *See* Cal. Gov. Code § 912.4(c).

## PARTIES

7.     Plaintiff MICHAEL ALVERAZ is a resident of the State of California, County of Placer.

8.     Defendant CITY OF ROSEVILLE is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Placer.

9.     Defendant ROSEVILLE POLICE DEPARTMENT is a "public entity" within the definition of Cal. Gov. Code § 811.2, and located in the State of California, County of Placer.

10.    Defendants DOE 1 to 10 are and/or were agents or employees of Defendants CITY OF ROSEVILLE and/or ROSEVILLE POLICE DEPARTMENT, acting within the scope of that employment and under color of state law. Defendants DOE 1 to 10's true and correct names and identities are not currently known. Defendants DOE 1 to 10 are sued by their fictitious names and their true and correct names and identities will be substituted when ascertained.

## GENERAL ALLEGATIONS

11.    At all times relevant herein, all wrongful acts described were performed under color of state law and/or in concert with or on behalf of those acting under the color of state law.

12.    At all times relevant herein, Plaintiff MICHAEL ALVERAZ suffered from a disability in the form of a physical impairment which caused diminished auditory sense. Plaintiff MICHAEL ALVERAZ's disability substantially limits his major life activities, including hearing, speaking, and communicating. Plaintiff MICHAEL ALVERAZ utilizes hearing-aids and other methods to compensate

2

for his disability.

13.     At all times relevant herein, Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT and their police officers had knowledge of Plaintiff MICHAEL ALVERAZ's disability, including through multiple prior and documented contacts between Plaintiff MICHAEL ALVERAZ and police officers.

14.     On or about June 26, 2022, Plaintiff MICHAEL ALVERAZ was sitting in his automobile in the Century 14 parking lot in the City of Roseville, California.

15.     Plaintiff MICHAEL ALVERAZ was accosted by Defendants DOE 1 to 10, police officers employed by Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT.

16.     Defendants DOE 1 to 10 demanded that Plaintiff MICHAEL ALVERAZ exit his vehicle.

17.     Plaintiff MICHAEL ALVERAZ did not have his hearing-aids in his ears.

18.     Plaintiff MICHAEL ALVERAZ did not understand what Defendants DOE 1 to 10's had said to him or commanded him to do.

19.     Defendants DOE 1 to 10 grabbed hold of Plaintiff MICHAEL ALVERAZ while seated in his vehicle, as Plaintiff MICHAEL ALVERAZ struggled to place hearing-aids into his ears.

20.     Defendants DOE 1 to 10 violently jerked Plaintiff MICHAEL ALVERAZ out of the vehicle.

21.     Defendants DOE 1 to 10 threw Plaintiff MICHAEL ALVERAZ to the ground.

22.     Defendants DOE 1 to 10 applied handcuffs to Plaintiff MICHAEL ALVERAZ's arms behind his back.

23.     Plaintiff MICHAEL ALVERAZ asked Defendants DOE 1 to 10 why he was being arrested and being treated so roughly. Plaintiff MICHAEL ALVERAZ's inquiry constituted constitutionally-protected conduct.

24.     Defendants DOE 1 to 10 did respond.

25.     Defendant DOE 1 released a police canine from a leash.

26.     Defendant DOE 1 directed the police canine to attack Plaintiff MICHAEL ALVERAZ.

27.     Plaintiff MICHAEL ALVERAZ's legs were viciously mauled by the police canine, causing substantial injuries.

3

28.    Plaintiff MICHAEL ALVERAZ's injuries are depicted in photographs:





4

29.     Plaintiff MICHAEL ALVERAZ was transported to Sutter Roseville Medical Center by Defendants DOE 1 to 10, after the attack by the police canine.

30.     Plaintiff MICHAEL ALVERAZ received several stitches and staples to treat wounds inflicted by the police canine at the hospital.

31.     Plaintiff MICHAEL ALVERAZ was released by the hospital into the custody of Defendants DOE 1 to 10.

32.     Plaintiff MICHAEL ALVERAZ was taken to the Roseville City Jail, where he was booked into custody and eventually released.

33.     Plaintiff MICHAEL ALVERAZ was not subject to an accusatory pleading charging him with an offense by the district attorney within 25 days of his arrest and release. *See* Cal. Pen. Code § 853.6(e)(3).

34.     Defendant ROSEVILLE POLICE DEPARTMENT failed to issue Plaintiff MICHAEL ALVERAZ a detention certificate, as required by Cal. Pen. Code §§ 849.5, 851.6.

## FIRST CLAIM

### Retaliation

### (U.S. Const. Amend. I; 42 U.S.C. § 1983)

35.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants DOE 1 to 10.

36.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

37.     Defendants DOE 1 to 10 retaliated against Plaintiff MICHAEL ALVERAZ for engaging in constitutionally protected activity with intent to inhibit that activity, including asking for an explanation why Defendants DOE 1 to 10 assaulted and arrested him, in violation of the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

38.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

39.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

5

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## SECOND CLAIM

### False Arrest

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

40.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants DOE 1 to 10.

41.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

42.     Defendants DOE 1 to 10 falsely arrested Plaintiff MICHAEL ALVERAZ, without a warrant and without probable cause, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

43.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

44.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## THIRD CLAIM

### Excessive Force

### (U.S. Const. Amend. IV; 42 U.S.C. § 1983)

45.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants DOE 1 to 10.

46.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

47.     Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff MICHAEL ALVERAZ, in violation of the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution.

48.     Defendants DOE 1 to 10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional rights, or were wantonly or oppressively done.

49.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of

6

1  Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and punitive

2  damages against Defendants DOE 1 to 10.

3        WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

4  ## FOURTH CLAIM

5  ## Rehabilitation Act

6  ## (29 U.S.C. § 701, *et seq.*)

7        50.    Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF

8  ROSEVILLE and ROSEVILLE POLICE DEPARTMENT.

9        51.    The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the

10  extent relevant and as if fully set forth in this Claim.

11        52.    Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT each

12  qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. On

13  information and belief, Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT

14  each receive federal financial assistance. Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE

15  DEPARTMENT, and DOE 1 to 10 knew of should have known that Plaintiff MICHAEL ALVERAZ

16  was disabled.

17        53.    Defendants DOE 1 to 10 wrongfully arrested Plaintiff MICHAEL ALVERAZ, where

18  Defendants DOE 1 to 10 treated the effects of Plaintiff MICHAEL ALVERAZ's disability as criminal

19  activity, including: (a) Plaintiff MICHAEL ALVERAZ's inability to hear and comply with commands

20  issued by Defendants DOE 1 to 10; and/or (b) Plaintiff MICHAEL ALVERAZ's attempt to insert

21  hearing-aids into his ears, with deliberate indifference or reckless disregard, in violation of the

22  Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

23        54.    Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff MICHAEL

24  ALVERAZ's disability in the course of investigation or arrest, causing greater injury and indignity in

25  that process than other arrestees would experience, where Defendants DOE 1 to 10 could have provided a

26  reasonable accommodation for Plaintiff MICHAEL ALVERAZ's disability, including: (a) by waiting for

27  Plaintiff MICHAEL ALVERAZ to insert hearing-aids into his ears, in order to facilitate communication;

28  (b) by refraining from grabbing and jerking Plaintiff MICHAEL ALVERAZ from his vehicle, as he

attempted to insert hearing-aids into his ears; (c) by listening and responding to Plaintiff MICHAEL ALVERAZ's inquiry why he was being assaulted and arrested; and/or (d) by refraining from commanding a police canine to attack Plaintiff MICHAEL ALVERAZ, with deliberate indifference or reckless disregard, in violation of the Rehabilitation Act, 29 U.S.C. § 794, *et seq*.

55.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## FIFTH CLAIM

### Americans With Disabilities Act

### (42 U.S.C. § 12101, *et seq*.)

56.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT.

57.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

58.     Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT each qualify as a "public entity" within the meaning of 42 U.S.C. § 12131(1)(A) and 28 C.F.R. § 35.104. Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10 knew of should have known that Plaintiff MICHAEL ALVERAZ was disabled.

59.     Defendants DOE 1 to 10 wrongfully arrested Plaintiff MICHAEL ALVERAZ, where Defendants DOE 1 to 10 treated the effects of Plaintiff MICHAEL ALVERAZ's disability as criminal activity, including: (a) Plaintiff MICHAEL ALVERAZ's inability to hear and comply with commands issued by Defendants DOE 1 to 10; and/or (b) Plaintiff MICHAEL ALVERAZ's attempt to insert hearing-aids into his ears, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

60.     Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff MICHAEL ALVERAZ's disability in the course of investigation or arrest, causing greater injury and indignity in that process than other arrestees would experience, where Defendants DOE 1 to 10 could have provided a

8

reasonable accommodation for Plaintiff MICHAEL ALVERAZ's disability, including: (a) by waiting for Plaintiff MICHAEL ALVERAZ to insert hearing-aids into his ears, in order to facilitate communication; (b) by refraining from grabbing and jerking Plaintiff MICHAEL ALVERAZ from his vehicle, as he attempted to insert hearing-aids into his ears; (c) by listening and responding to Plaintiff MICHAEL ALVERAZ's inquiry why he was being assaulted and arrested; and/or (d) by refraining from commanding a police canine to attack Plaintiff MICHAEL ALVERAZ, with deliberate indifference or reckless disregard, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

61.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory and nominal damages against Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## SIXTH CLAIM

### False Arrest

### (Cal. Const. Art. I § 13)

62.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

63.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

64.     Defendants DOE 1 to 10 falsely arrested Plaintiff MICHAEL ALVERAZ, without a warrant and without probable cause, in violation of Article I, Section 13 of the California Constitution.

65.     Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

66.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

67.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

9

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Alveraz v. City of Roseville*, United States District Court, Eastern District of California, Case No. _____

1  Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and

2  punitive damages against Defendants DOE 1 to 10.

3       WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

4  ## SEVENTH CLAIM

5  ### Excessive Force

6  ### (Cal. Const. Art. I, § 13)

7       68.    Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF

8  ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

9       69.    The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the

10 extent relevant and as if fully set forth in this Claim.

11      70.    Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff

12 MICHAEL ALVERAZ, in violation of Article I, Section 13 of the California Constitution.

13      71.    Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are

14 vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §

15 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

16 scope of their employment, including Defendants DOE 1 to 10.

17      72.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

18 malice resulting in great harm.

19      73.    Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of

20 Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

21 Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and

22 punitive damages against Defendants DOE 1 to 10.

23      WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

24 ## EIGHTH CLAIM

25 ### Failure To Discharge Mandatory Duty

26 ### (Cal. Gov. Code § 815.6)

27      74.    Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendant ROSEVILLE

28 POLICE DEPARTMENT.

75. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

76. Defendant ROSEVILLE POLICE DEPARTMENT failed to discharge its mandatory duties imposed by Cal. Pen. Code §§ 849.5, 851.6, where Plaintiff MICHAEL ALVERAZ was arrested and released and no accusatory pleading was filed charging him with an offense within 25 days, and Defendant ROSEVILLE POLICE DEPARTMENT failed: (1) to deem Plaintiff MICHAEL ALVERAZ's arrest a detention only; (2) to issue Plaintiff MICHAEL ALVERAZ a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff MICHAEL ALVERAZ's arrest from the arrest records of Defendant ROSEVILLE POLICE DEPARTMENT and the Bureau of Criminal Identification and Investigation of the Department of Justice.

77. As a direct and proximate result of Defendant ROSEVILLE POLICE DEPARTMENT's actions and inactions, Plaintiff MICHAEL ALVERAZ suffered injuries entitling him to receive declaratory and injunctive relief against Defendant ROSEVILLE POLICE DEPARTMENT.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## NINTH CLAIM

### Tom Bane Civil Rights Act

### (Cal. Civ. Code § 52.1)

78. Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

79. The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

Retaliation

80. Defendants DOE 1 to 10 retaliated against Plaintiff MICHAEL ALVERAZ for engaging in constitutionally protected activity with intent to inhibit that activity, including asking for an explanation why Defendants DOE 1 to 10 assaulted and arrested him, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the First Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Sections 1, 2, and 3 of the California Constitution.

<u>False Arrest</u>

81.     Defendants DOE 1 to 10 falsely arrested Plaintiff MICHAEL ALVERAZ, without a warrant and without probable cause, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

<u>Excessive Force</u>

82.     Defendants DOE 1 to 10 used unreasonable and excessive force against Plaintiff MICHAEL ALVERAZ, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Fourth Amendment (as incorporated through the Fourteenth Amendment) to the U.S. Constitution and Article I, Section 13 of the California Constitution.

<u>Rehabilitation Act & Americans With Disabilities Act</u>

83.     Defendants DOE 1 to 10 wrongfully arrested Plaintiff MICHAEL ALVERAZ, where Defendants DOE 1 to 10 treated the effects of Plaintiff MICHAEL ALVERAZ's disability as criminal activity, including: (a) Plaintiff MICHAEL ALVERAZ's inability to hear and comply with commands issued by Defendants DOE 1 to 10; and/or (b) Plaintiff MICHAEL ALVERAZ's attempt to insert hearing-aids into his ears, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Rehabilitation Act, 29 U.S.C. § 794, *et seq.*, and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

84.     Defendants DOE 1 to 10 failed reasonably to accommodate Plaintiff MICHAEL ALVERAZ's disability in the course of investigation or arrest, causing greater injury and indignity in that process than other arrestees would experience, where Defendants DOE 1 to 10 could have provided a reasonable accommodation for Plaintiff MICHAEL ALVERAZ's disability, including: (a) by waiting for Plaintiff MICHAEL ALVERAZ to insert hearing-aids into his ears, in order to facilitate communication; (b) by refraining from grabbing and jerking Plaintiff MICHAEL ALVERAZ from his vehicle, as he attempted to insert hearing-aids into his ears; (c) by listening and responding to Plaintiff MICHAEL ALVERAZ's inquiry why he was being assaulted and arrested; and/or (d) by refraining from commanding a police canine to attack Plaintiff MICHAEL ALVERAZ, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by the Rehabilitation Act, 29

12

U.S.C. § 794, *et seq.*, and Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

<u>Failure To Discharge Mandatory Duty</u>

85.     Defendant ROSEVILLE POLICE DEPARTMENT failed to discharge its mandatory duties imposed by Cal. Pen. Code §§ 849.5, 851.6, where Plaintiff MICHAEL ALVERAZ was arrested and released and no accusatory pleading was filed charging him with an offense within 25 days, and Defendant ROSEVILLE POLICE DEPARTMENT failed: (1) to deem Plaintiff MICHAEL ALVERAZ's arrest a detention only; (2) to issue Plaintiff MICHAEL ALVERAZ a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff MICHAEL ALVERAZ's arrest from the arrest records of Defendant ROSEVILLE POLICE DEPARTMENT and the Bureau of Criminal Identification and Investigation of the Department of Justice, with specific intent (*i.e.*, deliberate indifference or reckless disregard) to deprive rights protected by Cal. Pen. Code §§ 849.5, 851.6 and Cal. Gov. Code § 815.6.

<u>Common Allegations</u>

86.     Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

87.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

88.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants ROSEVILLE POLICE DEPARTMENT and DOE 1 to 10's actions and inactions, entitling him to receive compensatory and treble damages and civil penalties against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

### **<u>TENTH CLAIM</u>**

### **False Arrest / Imprisonment**

89.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF

13

1    ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

2        90.    The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the

3    extent relevant and as if fully set forth in this Claim.

4        91.    Defendants DOE 1 to 10 falsely arrested / imprisoned Plaintiff MICHAEL ALVERAZ,

5    without a warrant and without probable cause.

6        92.    Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are

7    vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §

8    815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

9    scope of their employment, including Defendants DOE 1 to 10.

10       93.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

11   malice resulting in great harm.

12       94.    Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of

13   Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

14   Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and

15   punitive damages against Defendants DOE 1 to 10.

16       WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

17                              **ELEVENTH CLAIM**

18                               **Assault / Battery**

19       95.    Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF

20   ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

21       96.    The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the

22   extent relevant and as if fully set forth in this Claim.

23       97.    Defendants DOE 1 to 10 intentionally touched, caused to be touched, or threatened to

24   touch Plaintiff MICHAEL ALVERAZ, without consent, and that touching or threatened touching

25   constituted unreasonable and excessive force.

26       98.    Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are

27   vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §

28   815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

                                         14

1  scope of their employment, including Defendants DOE 1 to 10.

2  99.    Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

3  malice resulting in great harm.

4  100.   Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of

5  Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

6  Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and

7  punitive damages against Defendants DOE 1 to 10.

8  WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

9  **TWELFTH CLAIM**

10  **Intentional Infliction of Emotional Distress**

11  101.   Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF

12  ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

13  102.   The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the

14  extent relevant and as if fully set forth in this Claim.

15  103.   Defendants DOE 1 to 10 engaged in outrageous conduct against Plaintiff MICHAEL

16  ALVERAZ which caused severe emotional distress, including: (a) retaliation; (b) false arrest /

17  imprisonment; (c) use of unreasonable and excessive force; and (d) disability discrimination.

18  104.   Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are

19  vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code §

20  815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the

21  scope of their employment, including Defendants DOE 1 to 10.

22  105.   Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or

23  malice resulting in great harm.

24  106.   Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of

25  Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against

26  Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and

27  punitive damages against Defendants DOE 1 to 10.

28  WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

15

## THIRTEENTH CLAIM

### Negligence

107.     Plaintiff MICHAEL ALVERAZ asserts this Claim against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10.

108.     The allegations of the preceding paragraphs 1 to 34 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

109.     Defendants DOE 1 to 10 owed Plaintiff MICHAEL ALVERAZ a duty of care and negligently breached that duty, including by engaging in: (a) retaliation; (b) false arrest / imprisonment; (c) use of unreasonable and excessive force; and (d) disability discrimination.

110.     Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT are vicariously liable, through the principles of *respondeat superior* and pursuant to Cal. Gov. Code § 815.2(a), for injuries proximately caused by the acts and omissions of their employees acting within the scope of their employment, including Defendants DOE 1 to 10.

111.     Defendants DOE 1 to 10's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

112.     Plaintiff MICHAEL ALVERAZ was injured as a direct and proximate result of Defendants DOE 1 to 10's actions and inactions, entitling him to receive compensatory damages against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10; and punitive damages against Defendants DOE 1 to 10.

WHEREFORE, Plaintiff MICHAEL ALVERAZ prays for relief as hereunder appears.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff MICHAEL ALVERAZ seeks Judgment as follows:

1.     For an award of compensatory, general, special, and/or nominal damages against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10, in excess of $1,000,000, according to proof at trial;

2.     For an award of exemplary/punitive damages against Defendants DOE 1 to 10, in an amount sufficient to deter and to make an example of them, because their actions and/or inactions were motivated by evil motive or intent, involved reckless or callous indifference to constitutional and

16

statutory rights, or were wantonly or oppressively done; and/or constituted oppression, fraud, or malice resulting in great harm;

3.   For an award of actual damages, treble damages, punitive damages, civil penalties, and any other available relief against Defendants CITY OF ROSEVILLE, ROSEVILLE POLICE DEPARTMENT, and DOE 1 to 10, pursuant to Cal. Civ. Code §§ 52, 52.1, and any other statute as may be applicable (except that punitive damages are not sought against Defendants CITY OF ROSEVILLE and ROSEVILLE POLICE DEPARTMENT, pursuant to Cal. Civ. Code § 818);

4.   For an award of injunctive relief and/or a declaratory relief against Defendant ROSEVILLE POLICE DEPARTMENT, which affords and adjudicates Plaintiff MICHAEL ALVERAZ's entitlement to a detention certificate Cal. Pen. Code §§ 849.5, 851.6 and compels Defendant ROSEVILLE POLICE DEPARTMENT: (1) to deem Plaintiff MICHAEL ALVERAZ's arrest a detention only; (2) to issue Plaintiff MICHAEL ALVERAZ a certificate describing his arrest as a detention only; and (3) to delete references to Plaintiff MICHAEL ALVERAZ's arrest from the arrest records of Defendant ROSEVILLE POLICE DEPARTMENT and the Bureau of Criminal Identification and Investigation of the Department of Justice;

5.   For an award of reasonable attorneys' fees and costs, pursuant to 42 U.S.C. § 1988, 29 U.S.C. § 794, 42 U.S.C. § 12205, Cal. Civ. Code § 52.1, Cal. Code Civ. Proc. § 1021.5, and any other statute as may be applicable; and

6.   For an award of any other further relief, as the Court deems fair, just, and equitable.

Dated: September 12, 2022                                    Respectfully Submitted,

By: _____
          Mark E. Merin
          Paul H. Masuhara
          LAW OFFICE OF MARK E. MERIN
          1010 F Street, Suite 300
          Sacramento, California 95814
          Telephone: (916) 443-6911
          Facsimile: (916) 447-8336

          Attorneys for Plaintiff
          MICHAEL ALVERAZ

17

1

## JURY TRIAL DEMAND

2

A JURY TRIAL IS DEMANDED on behalf of Plaintiff MICHAEL ALVERAZ.

3

Dated: September 12, 2022                          Respectfully Submitted,

4

5

By: _____

6                                                  Mark E. Merin

7                                                  Paul H. Masuhara
                                                   LAW OFFICE OF MARK E. MERIN
8                                                  1010 F Street, Suite 300
                                                   Sacramento, California 95814
9                                                  Telephone: (916) 443-6911
                                                   Facsimile: (916) 447-8336
10

11                                                   Attorneys for Plaintiff
                                                     MICHAEL ALVERAZ
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**COMPLAINT; DEMAND FOR JURY TRIAL**
*Alveraz v. City of Roseville*, United States District Court, Eastern District of California, Case No. _____